SCHOTT, Judge
(concurring in the result) .
In United Services Auto Ass’n v. Travelers Insurance Co., 255 So.2d 418 (La. App. 4th Cir. 1971), this Court was confronted with a situation somewhat similar to that found in the instant case. Where the Court was satisfied that the only issue was which driver had the green light before entering the intersection so that one of the two was necessarily negligent in running that red light and where the facts clearly precluded a finding of contributory negligence on the part of both drivers the Court was compelled to resolve the conflict by carefully weighing the evidence presented at trial. It was stated that “in a case where both litigants present evidence on the same point, the decision on that point must favor one or the other, unless the evidence is exactly equal.”
Applying this rule to the instant case, I do not find that the evidence is exactly equal between plaintiff and defendant and the tilt is in favor of plaintiff on the basis of the testimony of the passenger on plaintiff’s bus. While both parties insisted that the light was green before they entered the intersection, the passenger testified that when the bus was just ten feet from the intersection she noticed that the light was yellow. This would necessarily mean that the light was still red for the defendant who was proceeding at approximately the same speed as the plaintiff and who must have been even closer to the intersection at that point since he clearly pre-empted the intersection as will be discussed hereafter.
But the major distinction between this case and the cited case is the fact that plaintiff’s driver was either contributorily negligent or had the last clear chance to avoid this accident and failed to do so. The damage to defendant’s station wagon was on the rear side of the vehicle and the impact occurred in the middle of the intersection. Assuming that both vehicles were traveling at approximately the same rate of speed it necessarily follows that plaintiff’s driver should have seen defendant before he did and had he been traveling within the speed limits should have been able to avoid the accident, and he was therefore contributorily negligent in failing *747 to see what he should have seen and failing to maintain control over his vehicle at all times.
Thus, while I respectfully disagree with the eminent trial judge who found that neither party proved his case of negligence against the other party, and with the rationale of my colleagues I concur in the result of affirming the judgment of the trial court.